UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE TORONTO-DOMINION BANK SECURITIES LITIGATION | 1:17-cv-1665 (NLH/JS)<br><br>Class Action |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

On the 3rd day of October, 2019, a hearing having been held before this Court to determine, among other things: (1) whether the terms and conditions of the Stipulation of Settlement dated June 20, 2019 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by Plaintiffs and the Settlement Class in this Action (the "Settlement"); and (2) whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among the Settlement Class Members; and

The Court having considered all matters submitted to it at the hearing and otherwise; and

It appearing that the Notice substantially in the form approved by the Court in the Court's Order Preliminarily Approving Settlement and Providing For Notice ("Preliminary Approval Order") was mailed to all reasonably identifiable potential Settlement Class Members; and

It appearing that the Publication Notice substantially in the form approved by the Court in the Preliminary Approval Order was published in accordance with the Preliminary Approval Order and the specifications of the Court;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUGED, AND DECREED THAT:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

798920.1

2. The Court has jurisdiction over the subject matter of the Action, Plaintiffs, all Settlement Class Members, and The Toronto-Dominion Bank ("TD"), Bharat B. Masrani ("Masrani"), Riaz E. Ahmed ("Ahmed"), Colleen Johnston ("Johnston"), Teri Currie ("Currie"), Leo Salom ("Salom"), Mike Pedersen ("Pedersen"), and Mark Chauvin ("Chauvin") (collectively, the "Settling Defendants").

3. In the Preliminary Approval Order the Court certified, for purposes of the Settlement only, the Action is a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of the Settlement Class consisting of all persons or entities who purchased, or otherwise acquired, U.S.-traded common stock of TD (NYSE: TD) between December 3, 2015 and March 9, 2017, both dates inclusive (the "Settlement Class Period"). Excluded from the Settlement Class are Defendants; members of their immediate families and their affiliates; any executive officer or director of TD during the Settlement Class Period; any entity in which any Defendants had a controlling or partnership interest during the Settlement Class Period; the judges presiding over the Action and the immediate family members of such judges; attorneys of record in the Action; and the successors, heirs, and assigns of any excluded persons and/or entities referenced above. Per the terms of the Stipulation, the Settling Defendants shall assist in identifying the persons and entities to be excluded from the Settlement Class. Also excluded are those persons who filed valid and timely requests for exclusion in accordance with this Order. If any persons have filed such valid and timely requests for exclusion, they are set forth in Exhibit A hereto.

4. The Court hereby finds that the forms and methods of notifying the Settlement Class of the Settlement and its terms and conditions met the requirements of due process and Fed. R. Civ. P. 23 and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constituted the best notice

2

practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto of these proceedings and the matters set forth herein, including the Settlement and Plan of Allocation, to all Persons entitled to such notice. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. § 1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit A to this Order and Final Judgment. All Proofs of Claim submitted by Settlement Class Members that are received up to and including October 3, 2019 shall be considered timely and shall be evaluated to determine whether they are otherwise valid.

5. The Settlement, whereby Settling Defendants shall cause to be paid per the terms of the Stipulation an aggregate of thirteen million two hundred fifty thousand dollars ($13,250,000.00) is approved as fair, reasonable, and adequate and in the best interests of the Settlement Class. Plaintiffs and the Settling Defendants are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

6. Except with respect to persons who have validly and timely requested exclusion from the Settlement Class (listed on Exhibit A), this Action is dismissed with prejudice as to the Settling Defendants.

7. Plaintiffs and the Settlement Class Members hereby release and forever discharge the Settling Defendants and Released Parties from any and all Released Settlement Class Claims, whether or not such Plaintiff or Settlement Class Member returns the Proof of Claim or shares in the Settlement Fund. Plaintiffs and the Settlement Class Members are hereby permanently and forever enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of the Released Settlement Class Claims against the Settling Defendants and the Released Parties, as set forth in the Stipulation. For purposes of this Order and Final Judgment:

   a. "Released Settlement Class Claims" means any and all claims, whether known or Unknown Claims, whether arising under state, federal, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that the Plaintiffs or any other Settlement Class members: (a) asserted in the FAC; or (b) could have asserted in any court or forum that arise out of or are based on the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the FAC and that relate to the purchase or acquisition of shares of TD common stock on the New York Stock Exchange (NYSE: TD) during the Settlement Class Period. Released Settlement Class Claims shall exclude, *inter alia*, claims (i) asserted in the Canadian Action, except to the extent that such claim(s) impermissibly seek relief that is duplicative of the relief sought in this Action arising from the Settlement Class's purchases or acquisitions of the U.S.-traded common stock of TD (NYSE: TD) during the Settlement Class Period that are

4

798920.1

encompassed within Settlement of this Action, (ii) relating to transactions in TD's common stock on non-U.S. exchanges, and/or (iii) relating to the enforcement of the settlement.

    b. "Released Parties" means each and every one of the following: (a) Defendant TD, and its former or present parents, subsidiaries, divisions and affiliates, and the respective employees, members, partners, principals, executive officers, directors, controlling shareholders, attorneys, accountants, auditors, and insurers; and Defendants Masrani, Ahmed, Johnston, Currie, Salom, Pedersen, and Chauvin, and the predecessors, successors, estates, spouses, heirs, executors, trusts, trustees, administrators, agents, legal representatives and assigns of each of them, in their capacity as such, for the Released Settlement Class Claims, and (b) Plaintiffs, Lead Counsel and Plaintiffs' other counsel, and the Settlement Class members for the Released Defendant Claims.

8.     Each of the Settling Defendants and the Released Parties hereby releases and forever discharges any and all Released Defendant Claims against the Plaintiffs or any Settlement Class Member, and any of their counsel including Lead Counsel. For purposes of this Order and Final Judgment:

    a. "Released Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Released Parties could have raised in the Action against the Plaintiffs, Lead Counsel or Plaintiffs' other counsel, or any Settlement Class Member, whether arising under state, federal, local, common, statutory, administrative or foreign law, or any other

law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, which arise out of or relate to the commencement, prosecution or settlement of the Action (except for claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

9. **Bar Order**: All Persons are barred from commencing, prosecuting, or asserting any Barred Claims (as defined below). All Barred Claims are hereby extinguished, discharged, satisfied, and unenforceable. If any term of this Bar Order is held to be unenforceable after the date of entry, such provision shall be substituted with such other provision as may be necessary to afford all Released Parties the fullest protection permitted by law from any Barred Claim. For purposes of this Order and Final Judgment:

    a. "Barred Claim" means any claim, if any, however styled, whether for indemnification, contribution, or otherwise and whether arising under state, federal, or common law, against the Settling Defendants or Released Parties (including claims asserted by Released Parties against other Released Parties) where the claim is or arises from a Released Claim and the alleged injury to such Person arises from that Person's alleged liability to the Settlement Class or any Settlement Class Member, including any claim in which a Person seeks to recover from any of the Released Parties (i) any amounts such person or entity has or might become liable to pay to the Settlement Class or any Settlement Class Member and/or (ii) any costs, expenses, or attorneys' fees

from defending any claim by the Settlement Class or any Settlement Class Member.

10. Notwithstanding the foregoing, nothing in this Order and Final Judgment:

   a. Will bar the Released Parties from pursuing claims that are outside the scope of or independent of the Released Claims, including, without limitation, any claim that any Released Party may have for indemnification related to costs and expenses incurred in conjunction with the Action;

   b. Will bar or constitute a release of any claim by any of the Released Parties for insurance or reinsurance coverage arising out of, related to, or in connection with this Action or the Released Claims; or

   c. Shall prevent any Person listed on Exhibit A hereto from pursuing any claim against any Released Party; if any such Person pursues any such claim against any Released Party, nothing in this Order and Final Judgment or in the Stipulation shall operate to preclude such Released Party from (i) asserting any claim of any kind against such Person, including any Released Claim, (ii) or seeking contribution or indemnity from any Person, including any other Released Party, in respect of the claim made by a Person listed on Exhibit A.

11. Plaintiffs' counsel are awarded attorneys' fees in the amount of $ 4,412,249.99                , and expenses in the amount of $ 226,195.41                , such amounts to be paid from out of the Settlement Fund ten (10) calendar days following the entry of this Order. Lead Counsel shall thereafter be solely responsible for allocating the attorneys' fees and expenses among other Plaintiffs' counsel in a manner in which Lead Counsel in good faith believe reflects the contributions of such

counsel to the initiation, prosecution, and resolution of the Action. In the event that this Judgment does not become Final, and any portion of the Fee and Expense Award has already been paid from the Settlement Fund, Lead Counsel and all other plaintiffs' counsel to whom Lead Counsel has distributed payments shall within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated or precludes the Effective Date from occurring, refund the Settlement Fund the Fee and Expense Award paid to Lead Counsel and, if applicable, distributed to other counsel.

12. Plaintiffs are each awarded the sum of $ _15,000_____, as reasonable costs and expenses directly relating to the representation of the Settlement Class, as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund upon the Effective Date of the Settlement.

13. The Court hereby finds that the proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members.

14. The Court finds that all parties and their counsel have complied with each requirement of Fed. R. Civ. P. 11 as to all proceedings herein.

15. Neither this Order and Final Judgment, the Preliminary Approval Order, the Stipulation (including the exhibits thereto), the Memorandum of Understanding ("MOU"), nor any of the negotiations, documents, or proceedings connected with them shall be deemed to be, or be, argued to be offered or received:

> a. Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or the Released Parties with respect to the truth of any fact alleged by the Plaintiffs in this Action or the validity of any claim

798920.1

that has been or could have been asserted against any of the Settling Defendants or the Released Parties in this Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Settling Defendants or the Released Parties;

b. Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Settling Defendants or the Released Parties;

c. Against any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Settling Defendants, the Released Parties, the Plaintiffs, or any Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Settling Defendants, the Released Parties, the Plaintiffs, and any Settlement Class Member may refer to it to effectuate the liability protection granted them hereunder;

    d. Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Amount represents the amount that could or would have been received after trial of the Action against them;

    e. Against the Plaintiffs or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiffs or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants, or any other or former Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

    f. Against the Plaintiffs or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiffs in the FAC or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; or

    g. As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in this Action, except for purposes of this Settlement.

16. Notwithstanding the foregoing Paragraph 15, the Parties and other Released Parties may file or refer to this Order and Final Judgment, the Stipulation, Preliminary Approval Order, and/or any Proof of Claim Form: (a) to effectuate the liability protections granted hereunder or thereunder, including, without limitation, to support a defense or counterclaim

10

798920.1

based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

17. Exclusive jurisdiction is hereby retained over the Parties being released in conjunction with the Settlement for all matters relating to the Action, including the administration, interpretation, effectuation or enforcement of the Stipulations, or Settlement and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Settlement Class Members. Such jurisdiction shall terminate after the appeals period from the Court's order resolving Plaintiffs' forthcoming motion to distribute the Net Settlement Fund has concluded.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions in the Stipulation.

19. There is no just reason for delay in the entry of this Order and Final Judgment, and immediate entry by the Clerk of the Court is directed pursuant to Fed. R. Civ. P. 54(b).

20. The finality of this Order and Final Judgment shall not be affected, in any manner, by any appeals concerning the Attorneys' Fees and Expenses awarded herein, the compensatory award to Plaintiffs, or the Plan of Allocation.

21. In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Stipulation, then the Stipulation, except as otherwise provided in ¶¶ 2.14 and 8.3 therein, including any amendment(s) thereto, the Preliminary Approval Order, as set forth in ¶ 28 thereof, and this Order and Final Judgment,

except for ¶¶ 14 and 20-22, shall be rendered null and void of no further force or effect, and all Parties shall be deemed to have reverted *nunc pro tunc* to their respective status prior to the execution of the MOU, and all Parties shall proceed in all respects as if the MOU and the Stipulation had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the Action.  In such circumstances, all Parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

22.   In the event the Settlement and Judgment do not become Final or the Settlement is terminated in accordance with the terms and conditions set forth in the Stipulation, within ten (10) business days of entry of the order rendering the Settlement and Judgment non-Final or notice of the Settlement being terminated, all monies then held in the Notice & Administration Account and Settlement Fund, including interest earned, shall be returned to Settling Defendants' insurance carrier(s) who paid such monies into the Settlement Fund, *pro rata* as had been paid by them respectively, per their instructions except for any monies paid for Notice & Administration Costs and Taxes.  Under those circumstances, Lead Counsel shall undertake to return those amounts by taking all steps necessary to cause the Escrow Agent to make the foregoing repayments.  Plaintiffs and the Settlement Class shall have no responsibility for the return of such consideration.

23.   Any Court orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

798920.1

24. Pursuant to paragraph 2.7 of the Stipulation, the Court approves an additional three hundred thousand dollars ($300,000.00) be transferred from the Settlement Account to the Notice & Administration Account to cover costs and expenses to deliver notice and settlement administration.

Dated: October 4, 2019

/s/ Noel L. Hillman
HON. NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE

At Camden, New Jersey

# EXHIBIT A

**Persons and Entities Excluded from the Settlement Class
Pursuant to Requests for Exclusion**

# TORONTO-DOMINION SECURITIES LITIGATION
## EXCLUSION REPORT
### (through 9/23/19)

| Count | Received on or before September 12, 2019 and who provided transactional information |
|---|---|
| | Name |
| 1 | Clara Lai Lam |
| 2 | John David Lam |